IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CITY OF CHICAGO, a municipal corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>PURDUE PHARMA L.P.; PURDUE PHARMA INC.; THE PURDUE FREDERICK COMPANY, INC.; TEVA PHARMACEUTICAL INDUSTRIES, LTD.; CEPHALON, INC.; JOHNSON & JOHNSON; JANSSEN PHARMACEUTICALS, INC.; ENDO HEALTH SOLUTIONS, INC.; AND ACTAVIS PLC,<br><br>        Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT BY DEFENDANTS JANSSEN PHARMACEUTICALS, INC. AND ENDO HEALTH SOLUTIONS INC.** |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1446(a), Defendants Janssen Pharmaceuticals, Inc. ("Janssen"), and Endo Health Solutions Inc. ("Endo") hereby invoke this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332 and 1441(a) and (b), and state the following grounds for removal:

I.     **BACKGROUND**

1.     On June 2, 2014, Plaintiff the City of Chicago ("Plaintiff") filed a complaint in the Circuit Court of Cook County, Illinois, County Department, Law Division ("Circuit Court") captioned *City of Chicago v. Purdue Pharma L.P.; Purdue Pharma Inc.; The Purdue Frederick Company, Inc.; Teva Pharmaceutical Industries, Ltd.; Cephalon, Inc.; Johnson & Johnson; Janssen Pharmaceuticals, Inc.; Endo Health Solutions, Inc.; and Actavis PLC* ("Complaint"). Plaintiff's case was assigned Case No. 2014L005854.

2.      Plaintiff's Complaint sets forth ten causes of action and seeks both legal and equitable forms of relief including treble damages, civil penalties, restitution, disgorgement, injunctive relief, and costs and attorneys' fees.  A copy of the Complaint and all other Circuit Court filings is attached hereto as Exhibit A.

3.      Defendant  Janssen was served with a copy of the Summons and Complaint on June 5, 2014.

4.      Defendant Endo was served with a copy of the Summons and Complaint on June 2, 2014.

## II.      REMOVAL IS PROCEDURALLY PROPER

5.      This Notice of Removal is being filed by Janssen and Endo within 30 days of service, and is therefore timely under 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a).

6.      The other Defendants' consent to removal is not required because none of the other Defendants has been served.  Defendants who have not been served need not join in a removal petition.  *See City of Yorkville v. Amer. S. Ins. Co.*, 654 F.3d 713, 716 (7th Cir. 2011).

7.      Removal is proper herein under 28 U.S.C. § 1441, which authorizes removal of any action over which the federal courts have original jurisdiction, provided that, in cases where original jurisdiction is predicated on diversity of citizenship, no defendant is a citizen of the state in which the action was commenced.  *See* 28 U.S.C. § 1441(a) and (b).  Diversity jurisdiction exists here under 28 U.S.C. § 1332(a)(2), which confers original jurisdiction over claims in excess of $75,000 between citizens of a state and citizens or subjects of a foreign state.

8.      Venue is proper in this district and division because the Circuit Court is located within the Northern District of Illinois, Eastern Division of the United States District Court.  This venue is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

-2-

9.     Pursuant to 28 U.S.C. § 1446(d), written notice of this Notice of Removal to federal court will be filed promptly with the Clerk of the Court for the Circuit Court of Cook County, Illinois, and a copy will be served on Plaintiff's counsel of record.

## III.   REMOVAL IS PROPER BECAUSE THIS COURT HAS DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(A)

10.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because (1) the parties are completely diverse and (2) the amount in controversy exceeds $75,000.

11.     For purposes of diversity jurisdiction, a city is a citizen of its state.  *See Goros v. County of Cook*, 489 F.3d 857, 859 (7th Cir. 2007).  Thus, the City of Chicago, which the Complaint avers is a municipal corporation organized and existing under the laws of the State of Illinois, is a citizen of Illinois.  (Ex. A Complaint ¶ 21.)

12.     The citizenship of a corporation for purposes of diversity jurisdiction is based on the place of incorporation and the principal place of business.  *See Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 676 (7th Cir. 2006) (citing 28 U.S.C. §1332 (c)(1)).  The citizenship of a partnership for purposes of diversity jurisdiction is based on the citizenship of the partners in the partnership.  *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 189 (1990) (for diversity purposes, a partnership entity, unlike a corporation, does not rank as a citizen; to meet the complete diversity requirement, all partners, limited as well as general, must be diverse from all parties on the opposing side).  The presence of foreign defendants does not affect diversity for purposes of removal.  *See Allendale Mut. Ins. Co. v. Bull Data Sys.*, 10 F.3d 425, 428 (7th Cir. 1993).  Indeed, courts often treat foreign public limited companies as corporations for purposes of diversity analysis.  *See, e.g., Bank of Nova Scotia v. S & W Berisford, Inc.*, 753 F. Supp. 237 (N.D. Ill. 1990) (accepting allegation that Berisford PLC "is a corporation organized under the

laws of the United Kingdom").  Applying these standards, none of the Defendants is a citizen of Illinois:

13.    Defendant Janssen is a corporation incorporated under the laws of Pennsylvania, with its principal place of business in New Jersey.  (Ex. A Complaint ¶ 27.)

14.    Defendant Endo is a corporation incorporated under the laws of Delaware, with its principal place of business in Pennsylvania.  (Ex. A Complaint ¶ 28.)

15.    Defendant Johnson & Johnson is a corporation incorporated under the laws of New Jersey, with its principal place of business in New Jersey.  (Ex. A Complaint ¶ 27.)

16.    Defendant Purdue Pharma Inc. is a corporation incorporated under the laws of Delaware, with its principal place of business in Connecticut.  (Ex. A Complaint ¶ 22.)

17.    Defendant The Purdue Frederick Company, Inc. is a corporation incorporated under the laws of Delaware, with its principal place of business in Connecticut.  (Ex. A Complaint ¶ 22.)

18.    Defendant Cephalon, Inc. is a corporation incorporated under the laws of Delaware, with its principal place of business in Pennsylvania.  (Ex. A Complaint ¶ 24.)

19.    Defendant Teva Pharmaceutical Indus., Ltd. is a corporation incorporated under the laws of Israel, with its principal place of business in Israel.  (Ex. A Complaint ¶ 24.)

20.    Defendant Actavis plc is a public limited company incorporated under the laws of Ireland with its principal place of business in Ireland.  (Ex. A Complaint ¶ 29.)

21.    Defendant Purdue Pharma L.P. is a limited partnership organized under the laws of Delaware, with its principal place of business in Connecticut.  (Ex. A Complaint ¶ 22.)  None of the partners is a citizen of Illinois.

22.     Because Plaintiff is a citizen of Illinois and all Defendants are either aliens or "citizens . . . of a foreign state," complete diversity exists between the parties pursuant to 28 U.S.C. § 1332(a)(2).

23.     The amount in controversy exceeds $75,000.  Plaintiff alleges that, as a result of Defendants' unlawful conduct, it has paid over $9.5 million in claims for opioids since 2007. (Ex. A Complaint ¶¶ 327, 343, 361, 372).  Plaintiff seeks restitution, disgorgement of profits, treble damages, and punitive damages.  (*Id.* ¶¶ 296, 313, 329, 345, 372)  In addition, Plaintiff seeks various civil penalties up to $10,000 for each day the alleged violations occurred, plus costs and attorneys' fees.  (*Id*. ¶¶ 296, 329, 345, 351).  The foregoing allegations make clear that the stakes are "at least $75,000."  *Andrews v. E.I. Du Pont De Nemours and Co.*, 447 F.3d 510, 515 (7th Cir. 2006).

24.     Because complete diversity exists and the amount in controversy exceeds $75,000, removal is proper under 28 U.S.C. § 1332(a).

## IV.     NO WAIVER OF DEFENSES OR OBJECTIONS UNDER FED. R. CIV. P. 12(B)

25.     By removing this case to federal court, Janssen and Endo do not consent to personal jurisdiction or that this Court is a convenient forum and do not waive any defenses or objections available under the Federal Rules of Civil Procedure.

WHEREFORE, Defendants Janssen and Endo request that this action be brought to this Court, and that this Court exercise its jurisdiction over the case in its entirety.

Dated: June 11, 2014                         Respectfully submitted,


/s/ Michael P. Doss
Scott D. Stein
Michael P. Doss
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone:  (312) 853-7520
Fax:  (312) 853-7036
Email: sstein@sidley.com
       mdoss@sidley.com

*Attorneys for Defendant Janssen Pharmaceuticals, Inc.*


 /s/ Jonathan L. Stern
Jonathan L. Stern
Joshua M. Davis
ARNOLD & PORTER LLP
555 Twelfth Street, NW
Washington, DC  20004
Telephone:  (202) 942-5000
Fax:  (202) 942--5999
Email: Jonathan.Stern@aporter.com
       Joshua.Davis@aporter.com

*Attorneys for Defendant Endo Health Solutions, Inc.*

## SIGNATURE ATTESTATION

Pursuant to the Northern District of Illinois' General Order On Electronic Case Filing, General Order 14-0009(IX)(C)(2), I hereby certify that authorization for the filing of this document has been obtained from each of the other signatories shown above and that all signatories concur in the filing's content.

/s/ Michael P. Doss
Michael P. Doss

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on June 11, 2014, I electronically filed the foregoing with the clerk of the court using the CM/ECF system which will send notification of such filing to the e-mail address denoted on the electronic Mail Notice List.

I also certify, pursuant to 28 U.S.C. § 1446(d), Federal Rules of Civil Procedure Rule 5(b), Local Rule 5.5, that a copy of the foregoing was sent via U.S. Mail to the adverse party in this matter at:

**SEE ATTACHED SERVICE LIST**

Executed on June 11, 2014, at Chicago, Illinois.

/s/ Michael Doss
Michael Doss

## SERVICE LIST

MICHAEL DOLESH
Senior Counsel
City of Chicago, Department of Law
Constitutional & Commercial Litigation Division
30 N. LaSalle St., Suite 1230
Chicago, IL 60602
Michael.Dolesh@cityofchicago.org
Phone: (312) 744-9028
Fax: (312) 742-3925

FIONA A. BURKE
Senior Counsel
City of Chicago, Department of Law
Aviation, Environmental, Regulatory & Contracts
Division
30 N. LaSalle St., Suite 1400
Chicago, IL 60602
Fiona.Burke@cityofchicago.org
Phone: (312) 744-6929
Fax: (312) 742-3832

COHEN MILSTEIN SELLERS & TOLL PLLC
Linda Singer
Jeanne Markey
Eric Harrington
1100 New York Ave NW, Suite 500 East
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699