IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CITY OF CHICAGO, a municipal corporation, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 14-cv-4361 |
| | ) |
| PURDUE PHARMA L.P; PURDUE | ) |
| PHARMA INC.; THE PURDUE | ) The Honorable Elaine Bucklo |
| FREDERICK COMPANY, INC.; TEVA | ) |
| PHARMACEUTICAL INDUSTRIES, LTD; | ) |
| CEPHALON, INC.; JOHNSON & JOHNSON; | ) |
| JANSSEN PHARMACEUTICALS, INC.; | ) |
| ENDO HEALTH SOLUTIONS INC.; and | ) |
| ACTAVIS PLC, | ) |
| | ) |
| Defendants. | ) |

**PETITION FOR LEAVE TO INTERVENE BY PROPOSED INTERVENORS THE
CHICAGO TRIBUNE, THE LOS ANGELES TIMES, AND USA TODAY**

Proposed intervenors the *Chicago Tribune* (the "Tribune"), the *Los Angeles Times* ("L.A.

Times"), and *USA Today* (collectively, the "Newspapers") hereby petition this Court to allow

them to intervene in this case pursuant to Federal Rule of Civil Procedure 24(b) for the limited

purposes of objecting to the redaction or sealing of pleadings filed in this case and seeking access

to documents that the City of Chicago obtained from the defendants and third parties prior to

filing this lawsuit.  As part of their objection, the Newspapers wish to immediately file a Motion

to Require the City of Chicago to File an Unredacted Complaint (attached to this petition as

Exhibit A).  In support of their petition, the Newspapers state as follows:

## I.    Procedural History

1.     On June 2, 2014, the City of Chicago filed a redacted ten-count complaint in the Circuit Court of Cook County against defendants Purdue Pharma L.P., Purdue Pharma Inc., the Purdue Frederick Company, Inc., Teva Pharmaceutical Industries, Ltd., Cephalon, Inc., Johnson & Johnson, Janssen Pharmaceuticals, Inc., Endo Health Solutions Inc., and Actavis PLC (collectively, the "Defendant Pharmaceutical Companies").  The complaint filed by the City redacts (in whole or in part) the text of thirty-five paragraphs.

2.     In its complaint, the City alleges that the Defendant Pharmaceutical Companies violated various provisions of Illinois state law, the City of Chicago's Municipal Code, and common law by engaging in a scheme to misinform the health care community and consumers about the risks, benefits and superiority of the opium-like painkillers ("opiods") they manufacturer when taken long-term to treat chronic non-cancer pain.  The Defendant Pharmaceutical Companies' actions, according the City's complaint, have caused a dramatic increase in opioid use and abuse in Chicago which, in turn, has inflicted physical and financial harm on Chicago residents and resulted in the City sustaining millions of dollars in damages.

3.     On June 11, 2014, defendants Janssen and Endo removed the case to this Court on the basis of diversity jurisdiction.

4.     On July 7, 2014, the City filed a motion to file its unredacted complaint under seal pursuant to Local Rule 5.7.  *See* Record #49.  In its supporting memorandum of law, the City states that it redacted from its previously filed complaint all references to documents and information that were produced by the Defendant Pharmaceutical Companies during the City's pre-filing investigation that defendants have designated as "confidential" pursuant to their confidentiality agreements with the City.  Record #50, at 6 (attached as Exhibit B).  The City

seeks leave to file its unredacted complaint under seal pursuant to its confidentiality agreements with the Defendant Pharmaceutical Companies.  Exhibit B, at 4-6.  The City requests that the unredacted complaint remain under seal for seven days and that it thereafter be unsealed pursuant to Local Rule 5.7.  Exhibit B, at 9.

5.     Notwithstanding its redactions and effort to file the complaint under seal, the City is on record as stating that it does not believe that the verbiage which it redacted from the complaint that it has already filed is confidential information that needs to be sealed.  In particular, the City's motion states that "the City believes that Defendants' designations are unfounded and overbroad, that the redacted information contains no trade secrets, or proprietary or commercially sensitive information, or any other confidential information, and that the public interest requires that this information be unsealed."  *See* Exhibit B, at 6-7.  The City further asserts that its complaint should be unredacted because "the well-established policy favoring transparency in judicial proceedings is especially strong in this case because this case raises matters of public health and concern."  Exhibit B, at 3.

6.     On July 9, 2014, the City and Defendant Pharmaceutical Companies filed a joint motion seeking orders to (1) defer presentment of the City's motion to file an amended complaint under seal and (2) authorize the City to disclose to the defendants redacted allegations based on information produced by the American Pain Foundation (a non-party).  Record  #58.  The parties sought to postpone the presentment of the City's motion to file an unredacted complaint under seal "to determine whether the City's desire to unredact its redacted allegations can be resolved informally."  Record #58, at 2.  On June 9, 2014, Judge Gettleman entered an order deferring the presentment of the City's motion to file an amended complaint under seal

until July 17, 2014.  Record #61.  Judge Gettleman did not rule on the parties' request regarding the American Pain Foundation's information.

## II.    The Newspapers' Grounds for Intervention

7.    The proposed intervenor Newspapers are three of the nation's pre-eminent newspapers.  For more than a century, the daily *Chicago Tribune* has reported on newsworthy events and matters of public concern in the Chicago metropolitan area and beyond.  The daily *Los Angeles Times* has undertaken the same role in the Los Angeles metropolitan community since 1881.  *USA Today*, which was founded in 1982, is distributed nationwide and is one of the most widely circulated print newspapers in the country.

8.    The news media's First Amendment and common law rights to obtain access to judicial proceedings and records, and to report to the fullest extent possible on what transpires in the courtroom, including documents filed in the court record, are long-standing and well-established.  *See, e.g., Jessup v. Luther,* 227 F.3d 993, 998 (7th Cir. 2000) (holding that "the Newspaper asserts a right directly and substantially related to the litigation, a right of access to court proceedings and documents born of the common law and the First Amendment"); *Grove Fresh Distributors, Inc. v. Everfresh Juice Co.,* 24 F.3d 893, 897-98 (7th Cir. 1994) (setting forth both the common law and First Amendment right of the press and the general public access to court records); *Bond v. Utreras,* 585 F.3d 1061, 1073 (7th Cir. 2009) ("the media and public may bring third-party challenges to protective orders that shield court records and court proceedings from public view").

9.    These rights, and the public's interest in their vindication, are of paramount importance in this case, which concerns the City's claim that the Defendant Pharmaceutical Companies deceptively marketed their opioid drugs to the public, cost the City millions of

dollars, and caused a host of addiction and related health and financial injuries to its citizens.

*See Pansy v. Borough of Stoudsburg,* 23 F.3d 772, 787 (3d Cir. 1994) ("[c]ircumstances

weighing against confidentiality exist when confidentiality is being sought over information

important to public health and safety").  As the Seventh Circuit has repeatedly reaffirmed,

"'[p]ublic scrutiny over the court system serves to (1) promote community respect for the rule of

law, (2) provide a check on the activities of judges and litigants, and (3) foster more accurate fact

finding.'"  *In re Associated Press,* 162 F.3d 503, 506 (7th Cir. 1998), *quoting Grove Fresh,* 24

F.3d at 897.

10.    On June 11, 2014, the Newspapers filed a petition for leave to intervene in the state

court case for the limited purpose of asserting the public's rights of access to the pleadings.  The

Newspapers argued in their petition and accompanying motion that the City's complaint is a

judicial record that is subject to the public's right of access as provided by the First Amendment

and common law and that the City should therefore be ordered to file an unredacted and unsealed

copy of its complaint.  The Newspapers further argued that the City and the Defendant

Pharmaceutical Companies should be ordered to publically file all future submissions in the case.

The state court was divested of jurisdiction by defendants' removal petition before it could rule

on the Newspapers' petition to intervene, which was scheduled to be heard on June 12, 2014.

11.    The Newspapers seek leave to intervene now to present arguments and authority in

support of their position that the City should be ordered to immediately file an unsealed and

unredacted complaint.  As more fully explained in Newspapers' attached motion (Exhibit A), the

City's complaint is a judicial record which is presumptively open to public's view and access.

*See, e.g., Gea Group AG v. Flex-N-Gate Corp.,* 740 F.3d 411, 419-20 (7th Cir. 2014)

("documents that affect the disposition of federal litigation are presumptively open to public

view") (internal quotation marks omitted); *F.T.C. v. AbbVie Products LLC,* 713 F.3d 54, 62-63 (11th Cir. 2013) (a complaint is a "judicial record" that is subject to the common law right of public access) (citing cases).  The City has emphatically asserted in its motion for leave to file its complaint under seal that there is no basis for the complaint to be redacted or sealed.  *Supra,* at ¶5.[1]  Given this, the presumptive right of the public and press to access the unredacted complaint is unrebutted and that access must be "immediate and contemporaneous."  *Grove Fresh,* 24 F.3d at 897.  Indeed, "'each passing day [without access] may constitute a separate and cognizable infringement of the First Amendment.'"  *Id., quoting Nebraska Press Association v. Stuart,* 423 U.S. 1327, 1329 (1975).

12.    To intervene under Rule 24(b)(2) for purposes of seeking access to judicial records and proceedings, a prospective intervenor must timely file its petition and show a question of law or fact in common with the main action.  *Jessup,* 227 F.3d at 998 (citing to *Pansy,* 23 F.3d at 778).  Where the proposed intervenor seeks to challenge one or more parties' claim to confidentiality, courts have found that a common question of law exists, *Jessup,* 227 F.3d at 998-99, and they routinely grant media and press organizations leave to intervene under Rule 24(b)(2) for the purpose of asserting public access rights to judicial records and proceedings. *See, e.g., id.,* at 996-99; *In re Associated Press,* 162 F.3d at 507; *Pansy,* 23 F.3d at 778; *see also Bond,* 585 F.3d at 1068, 1070, 1073.

---

[1] Despite its belief that a seal is not warranted, the City presumably felt compelled by its confidentiality agreements with the Defendant Pharmaceutical Companies to seek leave to file its complaint under seal and request that it remain under seal for seven days.  This Court, however, is not bound by the parties' agreement to seal the complaint or to follow this cumbersome procedure before the complaint can potentially be unsealed.  *See, e.g., Gear Group AG,* 740 F.3d at 420 ("[t]he parties have agreed in asking us to seal certain documents that have been introduced in the arbitration proceeding.  Their agreement is not binding on us"); *Union Oil Co. of California v. Leavell,* 220 F.3d 562, 568 (7th Cir. 2000) ("[t]his is not the first time we have encountered requests to seal proceedings in order to implement the parties' preference for seclusion.  The requests have been uniformly rejected") (citing cases).

13.    Intervention by the Newspapers is particularly important here.  First, the Newspapers are not bound by the parties' confidentiality agreements and they are ready and free to fulfill their role "as the information-gathering agent of the public" by aggressively promoting the public's First Amendment and common law right of access to the City's complaint and all other filings in this important litigation.  *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 609 (1978).   Second, given the recent joint motion filed by the City and the defendants, it appears that the public may not be able to rely fully on the City to protect its right of access. That motion suggests at least the possibility of an agreement between the City and the defendants that will consent to the continued withholding from the public of material that does not qualify for such withholding.

14.    The proposed intervention by the Newspapers will neither prejudice the existing parties nor delay the disposition of this lawsuit.

## CONCLUSION

For all of the above reasons, proposed intervenors the *Chicago Tribune*, the *Los Angeles Times*, and *USA Today* respectfully request that this Court enter an order (1) granting them leave to intervene in this matter for the limited purposes of asserting the public right of access to court filings and seeking access to documents that the City of Chicago obtained from the defendants and third parties prior to filing this lawsuit; (2) granting them leave to file the attached Motion

for the Entry of an Order Requiring the City to File an Unredacted Complaint; and (3) granting

such other relief as this Court deems just and proper.

Dated:  July 14, 2014                    Respectfully submitted,

                                         THE CHICAGO TRIBUNE, THE LOS
                                         ANGELES TIMES, AND USA TODAY


                                         /s/ Jeffrey I. Cummings
                                         Jeffrey I. Cummings
                                         One of their Attorneys


Miner, Barnhill & Galland, P.C.
14 W. Erie St.
Chicago, IL 60654
(312) 751-1170

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CITY OF CHICAGO, a municipal corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 14-cv-04361 |
| | ) | |
| PURDUE PHARMA L.P; PURDUE | ) | |
| PHARMA INC.; THE PURDUE | ) | The Honorable Elaine Bucklo |
| FREDERICK COMPANY, INC.; TEVA | ) | |
| PHARMACEUTICAL INDUSTRIES, LTD; | ) | |
| CEPHALON, INC.; JOHNSON & JOHNSON; | ) | |
| JANSSEN PHARMACEUTCALS, INC.; | ) | |
| ENDO HEALTH SOLUTIONS INC.; and | ) | |
| ACTAVIS PLC, | ) | |
| | ) | |
| Defendants. | ) | |

**INTERVENORS' MOTION TO REQUIRE THE CITY OF CHICAGO TO
FILE AN UNREDACTED COMPLAINT**

Intervenors the *Chicago Tribune* (the "Tribune"), the *Los Angeles Times* ("L.A. Times"),

and *USA Today* (collectively, the "Newspapers") hereby submit their motion to require the City

of Chicago to file an unredacted complaint.  As will be shown below, the City has failed to

provide "good cause" for filing its complaint under seal.  Consequently, the Newspapers move

this Court to enter an order requiring the City to file an unredacted copy of its complaint and

denying the City's motion to file its complaint under seal.  In further support of their motion, the

Newspapers state as follows:

    **I.**    **Procedural History**

    1.    On June 2, 2014, the City of Chicago filed a redacted ten-count complaint in the

Circuit Court of Cook County against defendants Purdue Pharma L.P., Purdue Pharma Inc., the

Exh. A.

Purdue Frederick Company, Inc., Teva Pharmaceutical Industries, Ltd., Cephalon, Inc., Johnson & Johnson, Janssen Pharmaceuticals, Inc., Endo Health Solutions Inc., and Actavis PLC (collectively, the "Defendant Pharmaceutical Companies").  The complaint filed by the City redacts (in whole or in part) the text of thirty-five paragraphs.

2.     In its complaint, the City alleges that the Defendant Pharmaceutical Companies violated various provisions of Illinois state law, the City of Chicago's Municipal Code, and common law by engaging in a scheme to misinform the health care community and consumers about the risks, benefits and superiority of the opium-like painkillers ("opiods") they manufacturer when taken long-term to treat chronic non-cancer pain.  The Defendant Pharmaceutical Companies' action, according the City's complaint, has caused a dramatic increase in opioid use and abuse in Chicago which, in turn, has inflicted physical and financial harm on Chicago residents and resulted in the City sustaining millions of dollars in damages.

3.     On June 11, 2014, defendants Janssen and Endo removed the case to this Court on the basis of diversity jurisdiction.

4.     On July 7, 2014, the City filed a motion to file its unredacted complaint under seal pursuant to Local Rule 5.7.  *See* Record #49.  In its supporting memorandum of law, the City states that it redacted from its previously filed complaint all references to documents and information that were produced by the Defendant Pharmaceutical Companies during the City's pre-filing investigation that defendants have designated as "confidential" pursuant to their confidentiality agreements with the City.  Record #50, at 6.  The City seeks leave to file its unredacted complaint under seal pursuant to its confidentiality agreements with the Defendant Pharmaceutical Companies.  Record #50, at 4-6.  The City also requests that the unredacted

complaint remain under seal for seven days and that it thereafter be unsealed pursuant to Local Rule 5.7.  Record #50, at 9.

5.      The City does not include within its motion to seal "a statement indicating that [it] believes that due to special circumstance...it is necessary to restrict access" to its complaint, as required by Local Rule 5.7(a)(2).  To the contrary, the City asserts that the complaint's "redacted information contains no trade secrets, or proprietary or commercially sensitive information, or any other confidential information, and that the public interest requires that this information be unsealed." *See* Record #50, at 6-7.  The City further asserts that its complaint should be unredacted because "the well-established policy favoring transparency in judicial proceedings is especially strong in this case because this case raises matters of public health and concern." Record #50, at 3.

6.      On July 9, 2014, the City and Defendant Pharmaceutical Companies filed a joint motion seeking orders to (1) defer presentment of the City's motion to file an amended complaint under seal and (2) authorize the City to disclose to the defendants redacted allegations based on information produced by the American Pain Foundation (a non-party).  Record  #58. The parties sought to postpone the presentment of the City's motion to file an unredacted complaint under seal "to determine whether the City's desire to unredact its redacted allegations can be resolved informally."  Record #58, at 2.  On June 9, 2014, Judge Gettleman entered an order deferring the presentment of the City's motion to file an amended complaint under seal until July 17, 2014.  Record #61.  Judge Gettleman did not rule on the parties' request regarding the American Pain Foundation's information.

II. **The public has a First Amendment and common law right of access to the City's unredacted complaint because there is no good cause to have the complaint filed under seal or with any allegations redacted**

7.     The public has a right provided by both the First Amendment and common law to access and copy the City's complaint and any other judicial records.  *See, e.g., Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 597 (1978) ("[i]s clear that courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents"); *Grove Fresh Distributors, Inc. v. Everfresh Juice Co.,* 24 F.3d 893, 897 (7th Cir. 1994) ("[j]ustified originally by common-law traditions predating the enactment of our Constitution, the right of access belonging to the press and the general public also has a First Amendment basis"); *F.T.C. v. AbbVie Products LLC,* 713 F.3d 54, 62-63 (11th Cir. 2013) (complaints are "judicial records") (citing cases).

8.     The press and public's First Amendment and common law right to access judicial records such as the City's complaint is presumed, *Grove Fresh,* 24 F.3d at 897 (citing cases), and "[o]vercoming the presumption...is a formidable task." *In re Associated Press,* 162 F.3d 503, 506 (7th Cir. 1998).   The public's presumptive access is overcome "only if there is good cause for sealing a part or the whole of the record in that case." *Citizens First National Bank of Princeton v. Cincinnati Insurance Co.,* 178 F.3d 943, 945 (7th Cir. 1999).   "The Seventh Circuit has held that good cause to file a document, or portion thereof, under seal requires the party seeking protection to 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Northeast Series of Lockton Companies, LLC v. Bachrach,* 2013 WL 3989295 at *1 (N.D.Ill. 2013), *quoting Baxter International, Inc. v. Abbott Laboratories,* 297 F.3d 544, 548 (7th Cir. 2002).

9.      Good cause sufficient to deny the public's presumptive access to judicial records exists where it is shown that records would be used for "improper purposes" or that the restriction of access is necessary to preserve higher values and is narrowly tailored to serve that interest. *Baxter,* 297 F.3d at 546 ("In civil litigation only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence...is entitled to be kept secret"); *Kamakana v. City and County of Honolulu,* 447 F.3d 1172, 1179 (9th Cir. 2006) ("improper purposes" include "use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets"). Any doubts as to whether judicial records are accessible by the public "must be resolved in favor of disclosure." *Grove Fresh,* 24 F.3d at 897.

10.     In this case, the City has admitted that the information redacted from its filed complaint does not contain any trade secrets, confidential information, or any other information that should be withheld from the public and it has affirmatively stated "that the public interest requires that this information be unsealed."  Record #50, at 6-7.  The City has also failed to include within its motion to file the complaint under seal the required Local Rule 5.7(a)(2) statement that there is a "special circumstance" rendering it "necessary to restrict access" to the complaint.   Furthermore, the unredacted complaint will not be used for "improper purposes." The Newspapers seek access to the redacted complaint to fulfill their role "as the information-gathering agent of the public," *Nixon,* 435 U.S. at 609, by providing a complete picture of the City's allegations in this important public interest lawsuit.   Finally, the fact that this case relates to the public's health and welfare (as the City agrees, *supra,* at ¶5) and is being prosecuted by a public entity weighs against any claims of confidentiality and in favor of full disclosure. *See,*

*e.g., Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 787-88 (3d Cir. 1994).   Consequently, for all of these reasons, there is no "good cause" to seal the City's complaint.

11.    The only factor that the City cites in support of its request to file its complaint under seal is that it entered into a series of confidentiality agreements with the Defendant Pharmaceutical Companies.  However, the parties' agreement to cloak the Defendant Pharmaceutical Companies' documents with secrecy does not provide "good cause" to seal the City's complaint because this Court is not bound by the parties' confidentiality agreements.  *See, e.g., Gea Group AG v. Flex-N-Gate Corp.,* 740 F.3d 411, 420 (7th Cir. 2014) ("[t]he parties have agreed in asking us to seal certain documents that have been introduced in the arbitration proceeding.  Their agreement is not binding on us"); *Baxter,* 297 F.3d at 545-46 (the parties' assertion that they "had agreed on secrecy, [and] that the documents contained commercially sensitive information" was insufficient to "justify the claim of secrecy"); *Union Oil Co. of California v. Leavell,* 220 F.3d 562, 568 (7th Cir. 2000) ("[t]his is not the first time we have encountered requests to seal proceedings in order to implement the parties' preference for seclusion.  The requests have been uniformly rejected") (citing cases).

12.    Finally, because the press and public's right of access to the City's unredacted complaint is "immediate and contemporaneous," the Newspapers request that this Court order the City to promptly file an unredacted copy of its complaint.  *Grove Fresh,* 24 F.3d at 897 (right of access is "immediate and contemporaneous"); *In re Associated Press,* 162 F.3d at 506 (same). Every day that the public and press are denied access to the City's unredacted complaint "'may

constitute a separate and cognizable infringement of the First Amendment.'" *Grove Fresh,* 24 F.3d at 897, *quoting Nebraska Press Association v. Stuart,* 423 U.S. 1327, 1329 (1975).[1]

## CONCLUSION

For all of the above reasons, Intervenors the Chicago Tribune, the Los Angeles Times, and USA Today respectfully request that this Court enter an order (1) granting the Intervenors' motion to require the City of Chicago to promptly file an unredacted copy of its complaint with the Clerk of the Court; (2) denying the City of Chicago's motion to file its complaint under seal; (3) directing the City of Chicago and the Defendant Pharmaceutical Companies to publically file future submissions in this case without redaction unless they authorized to do otherwise by order of this Court; and (4) granting all such other relief that this Court deems necessary and proper.

Dated:  July 14, 2014                    Respectfully submitted,

                                         THE CHICAGO TRIBUNE, THE LOS
                                         ANGELES TIMES, AND USA TODAY


                                         /s/ Jeffrey I. Cummings
                                         Jeffrey I. Cummings
                                         One of their Attorneys

Miner, Barnhill & Galland, P.C.
14 W. Erie St.
Chicago, IL 60654
(312) 751-1170

---

[1] There is no need for this Court to await the parties' efforts to "informally" resolve their differences as to what information should be redacted from the complaint, *supra,* at ¶6, because the parties' agreement as to what should and should not be revealed to the public is not controlling. *Supra,* at ¶11; *In re Specht,* 622 F.3d 697, 701 (7th Cir. 2010) ("[d]ocuments that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute, rule, or privilege justifies confidentiality").  The question is whether "good cause" exists to seal the complaint and the answer to that question is no. *Supra,* at ¶10.

EXHIBIT B

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| CITY OF CHICAGO,<br>a municipal corporation, | )<br>)<br>) | |
| Plaintiff, | )<br>) | |
| | ) | Case No.: 14-cv-04361 |
| v. | )<br>) | Judge Robert W. Gettleman |
| PURDUE PHARMA L.P.; PURDUE PHARMA<br>INC.; THE PURDUE FREDERICK COMPANY,<br>INC.; TEVA PHARMACEUTICAL<br>INDUSTRIES, LTD.; CEPHALON, INC.;<br>JOHNSON & JOHNSON; JANSSEN<br>PHARMACEUTICALS, INC.; ENDO HEALTH<br>SOLUTIONS INC.; and ACTAVIS PLC, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Magistrate Judge Jeffrey T. Gilbert |
| Defendants. | )<br>) | |

## MEMORANDUM OF LAW IN SUPPORT OF THE CITY OF CHICAGO'S
## MOTION TO FILE THE COMPLAINT UNDER SEAL

Plaintiff, the City of Chicago (the "City"), filed a redacted Complaint ("Complaint") in the state court of Illinois alleging that Defendants have engaged in an unlawful campaign of deception in their marketing of opioid drugs for chronic non-cancer pain. The Complaint, as filed in state court, redacted references to documents that were previously produced to the City and designated by the producing parties as confidential pursuant to applicable confidentiality agreements and/or a protective order, as further explained below. The City moved to file an unredacted copy of the Complaint ("Unredacted Complaint") under seal in the state court and requested that the state court make the Unredacted Complaint public after considering any challenges to making it public, but this case was removed to this Court before that motion was considered by the state court. The redacted Complaint was filed with this Court as part of the removal papers, but the Unredacted Complaint has not yet become part of this Court's record.

**Exh. B**

The City therefore moves this Court pursuant to Local Rule 5.7 to file the Unredacted Complaint under seal. Because the City does not believe that the documents or information designated as confidential are in fact confidential and because the public has a right to know the contents of the Unredacted Complaint, the City further requests that this Court unseal the Unredacted Complaint after seven days as provided in Local Rule 5.7.

## BACKGROUND

On June 2, 2014, the City filed in the Circuit Court of Cook County, Illinois, a complaint against Purdue Pharma, L.P., Purdue Pharma, Inc., The Purdue Frederick Company, Inc., Teva Pharmaceutical Industries, Ltd., Cephalon, Inc., Johnson & Johnson, Janssen Pharmaceuticals, Inc., Endo Health Solutions Inc., and Actavis plc (collectively, "Defendants"), alleging that these Defendants have engaged in an unlawful campaign of deception in their marketing of opioid drugs for chronic non-cancer pain.

On June 9, 2014, the City filed a Motion to File the Unredacted Complaint and then Unseal the Unredacted Complaint. The City initially filed a redacted Complaint in order to comply with a prior protective order issued by the state court and to comply with various confidentiality agreements that the City entered into with the Defendants as part of the City's broader investigation of the marketing of opioids. That motion was pending in the state court and was to be heard on June 12, 2014, but Defendant Janssen Pharmaceuticals, Inc. ("Janssen") and Endo Health Solutions, Inc., ("Endo") (collectively, "Removing Defendants") removed this case to this Court on June 11, 2014. The redacted Complaint already is a part of this Court's docket because it was included in the Removing Defendants' Notice of Removal, but the Unredacted Complaint is not yet part of this Court's record.

Additionally, on June 11, 2014, the Chicago Tribune and the Los Angeles Times petitioned to intervene in the state court case for the limited purpose of asserting the public right's to access to pleadings. (Attached as Exhibit A.)  In short, the Chicago Tribune and the Los Angeles Times argued that the Unredacted Complaint is subject to the public's First Amendment, statutory, and common law right to access, and thus should be made public. That petition, too, was scheduled to be heard on June 12, 2014, but the removal preempted that, as well.

The City, through this motion revives its efforts to make the Unredacted Complaint public because it believes that the redacted sections of the Unredacted Complaint are not actually confidential and, in any event, that the well-established policy favoring transparency in judicial proceedings is especially strong in this case because this case raises matters of public health and concern.

## CONFIDENTIALITY AGREEMENTS

This case began with a thorough, year-long investigation into the marketing of opioids for chronic non-cancer pain (the "Investigation") that the City, by and through Stephen R. Patton, Corporation Counsel for the City, engaged in pursuant to its authority under the City's False Claims ordinance, Chicago Municipal Code § 1-22-050.  During the course of the Investigation, the City used various investigatory tools, including its subpoena powers under Chicago Municipal Code § 1-22-050.  Several of the now-Defendants, among other subpoena recipients, resisted the City's subpoenas.  In an effort to move the Investigation along, the City agreed to enter into:  (a) a Confidentiality Stipulation and Protective Order with Defendant Janssen ("Janssen Order"); (b) written confidentiality agreements with Defendants Actavis ("Actavis Agreement") and Teva ("Teva Agreement"); and (c) an informal oral confidentiality agreement

with Endo that was never reduced to writing ("Endo Agreement").  Copies of the various

documents are attached as Exhibit B (Janssen), Exhibit C (Actavis), Exhibit D (Teva), and

Exhibit E (Endo), respectively.  The City also entered into a confidentiality agreement with non-

defendant the American Pain Foundation ("APF Agreement"), a copy of which is attached as

Exhibit F.  (The Janssen Order, Actavis Agreement, Teva Agreement, Endo Agreement, and

APF Agreement are collectively referred to herein as the "Confidentiality Agreements.")

The Confidentiality Agreements provided that "confidential" or "protected" information

("Confidential Information")—defined as any information that contains trade secrets, proprietary

or commercially sensitive information[1]—would not be disclosed by the City.  Moreover, as

discussed further below, the various agreements provide that any documents that were produced

to the City with confidential designations would be treated as confidential by the City.  The

Actavis Agreement, for example, states that "Except as otherwise indicated below, documents

marked or otherwise designated as 'Confidential' that are produced or made available for

inspection and copying by Actavis to the City of Chicago's attorneys, consultants, agents, or

experts shall be Protected Documents and given confidential treatment as described in the

Agreement." Ex. C ¶ 1.

The Janssen Order also makes clear that the documents can be used in future litigation:

"In the event that the City of Chicago is a party to a legal proceeding against Janssen arising out

---

[1] The Janssen Order defines "Confidential Information" as information containing "trade secrets, proprietary or commercially sensitive information (including information defined as 'trade secrets' in the Illinois Trade Secrets Act, 765 ILCS 1065), or Protected Health Information as such term is defined in 45 C.F.R.§ 160.13 ('Protected Information')." Ex. B ¶ 3.  The Actavis Agreement defines a Protected Document as one that is "confidential, proprietary or otherwise not subject to disclosure." Ex. C ¶ 11. The Teva Agreement defines "Protected Information" as information containing "trade secrets, proprietary or commercially sensitive information as defined by any court rule or state or federal statute (including information defined as 'trade secrets' in the Illinois Trade Secrets Act, 765 ILCS 1065), or Protected Health Information as such term is defined in 45 C.F.R.§ 160.13 ('Protected Information')." Ex. D ¶ 2.

of the Investigation, the City of Chicago may use and disclose as necessary the Produced Information, including Confidential Information, for the purpose of that proceeding or litigation consistent with applicable law." Ex. B ¶ 6.

The Confidentiality Agreements set forth a process for using Confidential Information in any subsequent litigation. The Janssen Order states: "All Confidential Information that is presented to the Court through argument, memoranda, pleadings or otherwise shall be submitted along with a motion for leave to file such information under seal pursuant to the rules of the Court." Ex. B ¶ 10. The Actavis Agreement provides: "If any party deems it necessary to use or disclose Protected Documents or any information contained therein in connection with any motion, the party's motion papers . . . shall be filed with the Protected Documents redacted. Copies to the court and to counsel of record shall have unredacted copies of the Protected Documents." Ex. C ¶ 7. The Teva Agreement provides: "All Protected Information that is presented to the Court through . . . pleadings or otherwise shall be submitted along with a motion for leave to file such information under seal pursuant to the rules of the Court[.]" Ex. D ¶ 9.

The Janssen Order also specifies that "The City of Chicago does not [in filing documents under seal] waive any claim that the information is not entitled to such treatment as Confidential Information." Ex. B ¶ 10. The Teva Agreement likewise provides: "The City of Chicago does not, in so doing, waive any claim that the information is not entitled to such treatment as Protected Information." Ex. D ¶ 9.

The APF Agreement is silent as to the use of its documents in any subsequent litigation. However, the American Pain Foundation ("APF") is in bankruptcy, and the City has asked APF's representative his view on the disclosure of documents produced by the APF that it designated as confidential. The APF trustee responded that "I take no position as to that

information or disclosure of that information as my role as assignee is to wind down the affairs

of APF and make a final distribution to creditors." *See* Ex. G, at 1 (Letter from Paul Sweeney,

Assignee for the Benefit of Creditors of American Pain Foundation, Inc. to Linda Singer (June

12, 2014)).

### DISCUSSION

Local Rule 5.7 (Filing Cases Under Seal) provides the process for filing complaints and

documents under seal in this Court:

> (a) GENERAL. The clerk is authorized to accept a complaint for filing and treat
> that complaint and the accompanying papers as if they were restricted pursuant to
> LR26.2 where the complaint is accompanied by a written request containing the
> following:
>
> (1) the name, address, and signature of the party or counsel making the request;
>
> (2) a statement indicating that the party believes that due to special circumstance
> which the party will promptly bring to the attention of the judge to whom the case
> is to be assigned, it is necessary to restrict access to the case at filing;
>
> (3) a statement that the party is aware that absent an order extending or setting
> aside the sealing, the file and its contents will become public on the seventh day
> following the date of filing; and
>
> (4) the attorney's or party's e-mail address if the attorney or party is registered as
> a Filing User of electronic case filing, the caption of the case, and the title of the
> document. Absent any order to the contrary, the contents of the case file shall be
> treated as restricted documents as defined by LR26.2 for seven days following the
> day on which the complaint was filed. Except as otherwise ordered, on the
> seventh day the file will no longer be treated as restricted.

As noted, the City has redacted from its Complaint all references to documents and

information that were produced during the Investigation that Defendants designated as

Confidential pursuant to one of the Confidentiality Agreements. But the City believes that the

Defendants' designations are unfounded and overbroad, that the redacted information contains

no trade secrets, or proprietary or commercially sensitive information, or any other confidential

information, and that the public interest requires that this information be unsealed. Thus, the City respectfully requests, pursuant to Local Rule 5.7, that the Unredacted Complaint be unsealed after seven days.

This request to unseal the Unredacted Complaint is consistent not only with the Confidentiality Agreements, but also with the strong presumption favoring the transparency of judicial proceedings. *See Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013) ("Documents that affect the disposition of federal litigation are presumptively open to public view."). The public's interest in disclosure is, as a general matter, compelling. "Secrecy in judicial proceedings is disfavored, as it makes it difficult for the public (including the bar) to understand why a case was brought (and fought) and what exactly was at stake in it and was the outcome proper." *GEA Grp. AG v. Flex-N-Gate Corp.*, 740 F.3d 411, 419 (7th Cir. 2014). "The interest in allowing public access to the judicial record is thus a social interest rather than a concern solely of the litigants." *Id.*

The public's interest in this case is even more powerful because, as outlined in the Complaint, the City uncovered in its Investigation Defendants' scheme to misinform the healthcare community and consumers about the risks, benefits, and superiority of opioids when taken long-term to treat chronic non-cancer pain, causing a dramatic increase in opioid use and abuse in Chicago. This is not just a matter of academic interest; it affects the health and safety of the significant number of Chicago residents who are currently, or may begin, taking opioids for chronic non-cancer pain. These patients (or patients-to-be) and their doctors are entitled to accurate and complete information on Defendants' marketing practices so that they can make fully and truly informed decisions about the risks of using opioids.

The public's interest in openness is also especially weighty in this case because the opioids marketed by Defendants are dangerous drugs, classified under the federal Controlled Substances Act as having "high potential for abuse" and a "risk of severe psychological and physical dependence." *See* 21 U.S.C. § 812(b). They have subjected users to addiction, injury, and death. Moreover, Defendants have marketed these drugs with deceptive promotions aimed specifically at vulnerable populations, such as the elderly and veterans, who face greater risks of adverse effects. The public has a right to know – and needs to know – about both the actual risks and the deceptive marketing of these drugs.

On the other side of scale, there is no compelling reason to keep the Unredacted Complaint under seal. Nothing about the information designated as Confidential Information by Defendants and/or APF outweighs the public's compelling and presumptive right to access. The redacted sections of the Complaint include references to the creation of marketing materials; information chronicling Defendants' coordination with their front groups, including communications and donations; advertisements generated by or on behalf of Defendants; and materials that Defendants used to train their sales staff. The redacted information does not include trade secrets, proprietary or commercially sensitive information, such as drug formulations, sales projections, or any other kind of information that should be shielded from disclosure and withheld from the public.

## **CONCLUSION**

Once filed, the pleadings, motions and other papers filed with this Court assume the presumption of public access. "Litigation is a public exercise; it consumes public resources. It follows that in all but the most extraordinary cases—perhaps those involving matters of weighty

national security—complaints must be public." *Levenstein v. Salafsky*, 164 F.3d 345, 348 (7th Cir. 1998). As such, the Unredacted Complaint should be unsealed.

Therefore, the City respectfully requests that the Court allow the City to file the Unredacted Complaint under seal, allow the Complaint to become unsealed after seven days, and grant such other and further relief as this Court deems necessary and appropriate.

Dated: July 7, 2014      Respectfully submitted,

          STEPHEN R. PATTON,
          Corporation Counsel  for the City of Chicago

          By:  /s/  Linda Singer     


           Michael J. Dolesh (ARDC # 6183797)
           Fiona A. Burke (ARDC # 6273779)
           Mary Eileen Cunniff Wells (ARDC # 6304397)
           City of Chicago Law Department
           30 N. LaSalle
           Chicago, IL 60602
           Phone: (312) 744-9028, -6929, -0897
           michael.dolesh@cityofchicago.org
           fiona.burke@cityofchicago.org
           maryeileencunniff.wells@cityofchicago.org

           Linda Singer
           Eric A. Harrington
           *Admitted pro hac vice*
           Cohen Milstein Sellers & Toll PLLC
           1100 New York Ave. NW
           Suite 500, East Tower
           Washington, DC 20005
           Phone: (202) 408-4600
           lsinger@cohenmilstein.com
           eharrington@cohenmilstein.com

           **Attorneys for Plaintiff**

<u>CERTIFICATE OF SERVICE</u>

      Lisa Mecca Davis certifies that she caused the foregoing Petition to be served on all counsel of record, by this Court's electronic-filing system, this 14th day of July, 2014.


                       /s/ Lisa Mecca Davis
                       Lisa Mecca Davis