IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **CITY OF CHICAGO, a municipal corporation,** | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| **PURDUE PHARMA L.P., PURDUE PHARMA INC., THE PURDUE FREDERICK COMPANY, INC., TEVA PHARMACEUTICAL INDUSTRIES, LTD., TEVA PHARMACEUTICALS USA, INC., CEPHALON, INC., JOHNSON & JOHNSON, JANSSEN PHARMACEUTICALS, INC., ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC. n/k/a JANSSEN PHARMACEUTICALS, INC., JANSSEN PHARMACEUTICA, INC. n/k/a JANSSEN PHARMACEUTICALS, INC., ENDO HEALTH SOLUTIONS, INC., ENDO PHARMACEUTICALS, INC., ACTAVIS PLC, ACTAVIS, INC., WATSON PHARMACEUTICALS, INC. n/k/a ACTAVIS, INC., WATSON LABORATORIES, INC., ACTAVIS LLC, and ACTAVIS PHARMA, INC. f/k/a WATSON PHARMA, INC.,** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **No. 14 C 4361** **Judge Jorge L. Alonso** |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

On May 8, 2015, the Court issued a Memorandum Opinion and Order ("Order"), as relevant here, denying the Purdue entities' ("Purdue's") motion to dismiss the claims asserted against them for violating Chicago's consumer fraud ordinances (Counts I and II). The case is before the Court on Purdue's motion for reconsideration and the City's motion for clarification of the Order. For the reasons set forth below, the Court denies the motions.

## Discussion

### Purdue's Motion

Purdue contends that the Court evaluated the consumer fraud allegations the City made against it differently than those the City made against the other defendants. Specifically, Purdue says the Court held insufficient the City's allegations that other defendants made misrepresentations on websites because the City did not allege "'that Chicago doctors or consumers visited the websites.'" (*See* Mot. Recons. at 3 (quoting Order at 26).) Because the City also failed to make that allegation with respect to Purdue's websites, Purdue argues that the claims against it should also be dismissed. (*See* Order at 17 (stating that the elements of the relevant claims are "(1) a deceptive act or practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deception; and (3) the occurrence of the deception during a course of conduct involving trade or commerce.") (quotation omitted).)

The Court disagrees. The phrase on which Purdue focuses is in the discussion about the City's claims against the Endo entities. These entities, unlike Purdue, are not alleged to have made misrepresentations on their own websites but to have "sponsor[ed]" websites containing misrepresentations. (Order at 24-25.) As the Court explained, absent an allegation that the Endo entities have editorial control over the sponsored websites, which the City does not make, there is no support for the inference that Endo made the contested representations. (*Id.* at 26.) Moreover, absent a control allegation or an allegation that suggests Chicagoans were the intended recipients of the misrepresentation, *e.g.*, that "Chicago doctors or consumers visited the websites" (*id.*), there is no basis for inferring Endo's intent. However, the situation is different for Purdue, which is

alleged to have made misrepresentations on its own websites, which suggests both that it made them and that it intended for anyone with access to the sites, including Chicagoans, to rely on them.

Alternatively, Purdue contends that the challenged website statements cannot support the City's claims because they are not misleading as a matter of law. This argument is an expansion of one Purdue previously made, and the Court rejected, in its motion to dismiss. As such, it is not an appropriate basis for a motion to reconsider. *See Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion."). Accordingly, the Court denies Purdue's motion for reconsideration.

### City's Motion

The City asks the Court:

> [To] clarify whether, in repleading its consumer fraud claim against other Defendants, the City will be required, as would a private plaintiff, to identify specific consumers to whom Defendants made their misrepresentations, and the date and manner such misrepresentations were made to those specific consumers, or whether the City must instead plead with particularity the elements required in a public enforcement action.

(Pl.'s Cross-Mot. Clarification & Discovery at 11.) As set forth in the Order, the City is required to plead the elements of its claims with the specificity required by Federal Rule of Civil Procedure 9(b). (Order at 16-17.) Any further "clarification" of the pleading standard would constitute an advisory opinion, which the Court cannot provide. *See Flast v. Cohen*, 392 U.S. 83, 96 (1968) ("[T]he implicit policies embodied in Article III . . . impose the rule against advisory opinions on federal courts."). The City's motion, is therefore, denied.

### Conclusion

For the reasons set forth above, the Court denies Purdue's motion for reconsideration [300] and the City's motion for clarification [306].

**SO ORDERED.**  **ENTERED: July 27, 2015**

_____
**HON. JORGE L. ALONSO**
**United States District Judge**